NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SHAIN SOHL, | : | CIV. NO. 22-4295 (RMB) |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| Respondent | : | |

**RENÉE MARIE BUMB, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court upon Petitioner Shain Sohl's petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking application of earned Time Credits under the First Step Act (Pet., Docket No. 1), Petitioner's supplemental brief in support of the petition (Petr's Supp. Brief, Docket No. 7), Petitioner's motion to waive reply and expedite ruling (Mot., Docket No. 11), and Respondent's answer to the petition (Answer, Docket No. 12). For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

I.  THE PETITION, SUPPLEMENTAL BRIEF, AND MOTION TO EXPEDITE

On June 27, 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting the Bureau of Prisons "BOP" was not in compliance with the First Step Act, 18 U.S.C. § 3624(g), and if Petitioner received the First Step Act Time Credits ("FSA Time Credits") he was due, he would have been eligible for prerelease

custody on October 20, 2022. (Pet., Docket No. 1 at 1-5.) Exhaustion of administrative remedies was futile, Petitioner asserted, because he is being held beyond his alleged release date, assuming application of his earned FSA Time Credits. (Pet., Docket No. 1 at 4.) Petitioner claims he meets all eligibility requirements for application of FSA Time Credits, including low or minimum recidivism risk in his last two assessments. (*Id.* at 5.) Specifically, Petitioner alleges he is entitled to have 365 days applied to early transfer to supervised release, and 325 days applied to prerelease custody. (*Id.* at 5-6.)

Petitioner filed a supplemental brief on November 3, 2022, before Respondent filed an answer to the petition. (Petr's Supp. Brief, Docket No. 7.) The BOP calculated Petitioner's FSA Time Credits on October 9, 2022. (*Id.* at 2.) The BOP disallowed Petitioner 1003 days for "Missing Need Area(s)," in particular a needs assessment for "Trauma." (*Id.* at 3.) The needs assessment was a survey from the psychology department that was provided to inmates via computer and/or in-person. (*Id.*) Petitioner submits that he took all surveys offered without refusing any. (*Id.*) Petitioner reiterated that exhaustion was futile, and his release date, with FSA Time Credits applied, had passed. (*Id.* at 4.) Petitioner then filed a motion to waive his reply brief and expedite ruling on his petition. (Mot., Docket No. 11).

II.   **THE ANSWER TO THE PETITION**

Respondent asserts the following facts in answer to the petition. Petitioner's projected release, with good time credit, is March 10, 2025. (Answer, Docket No. 12 at 6.) On October 9, 2022, the BOP began using an automated system to calculate FSA

Time Credits. Based on the automatic calculation, the BOP determined that Petitioner earned 180 days of FSA Time Credits toward early transfer to supervised release. (Answer, Docket No. 12 at 6.) Pursuant to 28 C.F.R. § 523.41(c)(4), inmates who are otherwise eligible to earn FSA credits are not "successfully participating" in programming if, for example, they "opt out" of programming to address a particular need. (*Id.* at 10.) Petitioner has not completed a Trauma Needs Assessment, so he is in "Trauma refuse" or "opt out" status, and he may not have his FSA Time Credits applied. (*Id.* at 11.) As soon as he completes the Needs Assessment, his credits will be applied. (*Id.*)

According to Respondent, Petitioner filed an administrative remedy request to the warden on June 21, 2022, seeking calculation and application of his FSA Time Credits. (*Id.* at 12.) He filed the present habeas petition six days later. (*Id.*) In the meantime, on August 29, 2022, the BOP responded to Petitioner's administrative remedy request with an explanation. (*Id.* at 14.) Petitioner appealed to the BOP Regional Office on September 8, 2022. (*Id.*) A response was due from the Regional Office on November 7, 2022. (*Id.*) Respondent contends the petition should be dismissed because Petitioner failed to exhaust administrative remedies before filing his habeas petition. (*Id.* at 14-15.) Respondent argues that exhaustion is not futile because Petitioner's claims are fact-intensive and would benefit from development and clarification at the administrative level. (*Id.* at 15).

### III. DISCUSSION

#### A. Jurisdiction under 28 U.S.C. § 2241

28 U.S.C. § 2241(c) (3) provides: "The writ of habeas corpus shall not extend to a prisoner unless-- [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" Where a petitioner alleges he/she has been deprived of rights that necessarily impact the fact or length of confinement, the habeas petition is the only available avenue of relief. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020) (quoting *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)).

Petitioner alleges the BOP's failure to calculate and apply his FSA Time Credits would result in his greater length of confinement. Therefore, jurisdiction is proper under § 2241.

#### B. FSA Time Credits

The First Step Act of 2018 required the Attorney General, within 210 days of the date of enactment, to develop a "risk and needs assessment system" for federal inmates that would "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs." 18 U.S.C. § 3632(a), (d). The BOP released the risk and needs assessment on July 19, 2019, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN"). *Hare v. Ortiz*, No. CR 18-588-1(RMB), 2021 WL 391280, at *1 (D.N.J. Feb. 4, 2021).

4

The First Step Act also directed the BOP to "implement and complete an initial intake risk and needs assessment for each prisoner" and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination" within 180 days of PATTERN's release date. 18 U.S.C. § 3621(h)(1)(A). The BOP identified the following "needs" that agency staff should assess for each inmate using PATTERN:

- Anger/Hostility
- Finance/Poverty
- Antisocial Peers
- Medical
- Cognitions
- Mental Health
- Dyslexia
- Recreation/Leisure/Fitness
- Education
- Substance Abuse
- Family/Parenting
- Trauma
- Work

BOP Program Statement 5400.01 at 2, ¶ 4.[1]

---

[1] Available at https://www.bop.gov/resources/policy_and_forms.jsp) (last visited January 4, 2023).

The risk and needs assessment is used to classify inmates at risk of recidivism, match inmates with suitable programs "based on the prisoner[s'] specific criminogenic needs," and offer incentives for completing these programs, including earned Time Credit toward pre-release custody. 18 U.S.C. § 3632(a)(3), *see generally* 18 U.S.C. §§ 3632(a) and (d).

The statute describes eligibility to earn time credits:

> (A) In general.— A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> > (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> > (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A)(i)-(ii).  To receive FSA Time Credits, an inmate must successfully complete one of the BOP approved EBRR programs or PAs related to one of the particular needs assigned to that inmate. 28 C.F.R. § 523.42(b)(3); 28 C.F.R. 532.41(c). Inmates eligible to earn FSA credits are not "successfully participating" in programming if they opt out. 28 C.F.R. 523.41(c)(4). When

appropriate, the BOP applies an inmate's FSA Time Credits "toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(c).

### C. Exhaustion of Administrative Remedies

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The Third Circuit adheres to the exhaustion doctrine for several reasons:

> (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.

*Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (quoting *U.S. ex rel. Marrero v. Warden Lewisburg Penitentiary*, 482 F.2d 656, 659 (3d Cir. 1973) *Marrero reversed on other grounds by Warden Lewisburg Penitentiary v. Marrero*, 94 S. Ct. 2532 (1974)). Exhaustion may be waived where pursuing an administrative remedy would be futile because none of the goals of administrative exhaustion are served. *Bradshaw*, 682 F.2d at 1050.

BOP has established a four-step process for federal inmates to exhaust administrative remedies. 28 C.F.R. § 542.10 *et seq.* First, an inmate generally must attempt to informally resolve his dispute with prison staff. 28 C.F.R. § 542.13. If that fails, the inmate must timely submit a BP-9 administrative remedy request to the warden of the institution. 28 C.F.R. § 542.14(a), (c). If the administrative remedy

request is denied, the inmate must timely file a BP-10 appeal with the BOP Regional Director in the appropriate BOP Regional Office. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate must timely appeal that decision by filing a BP-11 appeal with the BOP's Central Office, General Counsel. *Id.*

It is undisputed that Petitioner completed only the first two steps of the BOP administrative remedy program, informal resolution and submission of a BP-9 form to the warden, before filing his habeas petition.[2] As evidenced by the developments in this case after the petition was filed, exhaustion of administrative remedies was not futile. Petitioner sought habeas relief because the BOP had not calculated and applied his earned FSA Time Credits. After he began the administrative remedy process, the BOP calculated his FSA Time Credits and explained why the credits were not applied. Therefore, Petitioner should have exhausted administrative remedies prior to filing his habeas petition, and the Court will dismiss the petition.

## IV.  CONCLUSION

For the reasons discussed above, the habeas petition will be dismissed without prejudice for failure to exhaust administrative remedies.

---

[2] In the answer, Respondent cites to the declaration of Jonathan Kerr in support of Petitioner's failure to exhaust administrative remedies. Instead of Mr. Kerr's declaration, another unrelated declaration was filed in error. (Docket No. 12-1.) The error is harmless because Petitioner does not dispute that he failed to exhaust administrative remedies before filing the habeas petition. Further, there is no dispute that the BOP subsequently calculated Petitioner's FSA Time Credits on October 9, 2022, but refused to apply the credits based on Petitioner's failure to complete a "Trauma Needs Assessment." Whether or not Petitioner was given the opportunity to complete a Trauma Needs Assessment and how many credits he earned are the type of issues that should be exhausted through the BOP administrative remedy program.

An appropriate Order follows.

**Date: February 7, 2023**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
